# Starke & Wife *v.* Malone & Foote.

*Action against Husband and Wife, for Necessary Family Supplies.*

1. *Form of judgment against wife's separate estate.* — In an action against husband and wife, for necessary family supplies furnished to them (Rev. Code, § 2376), the complaint specifying and describing the property of which the wife's separate estate consists, a judgment on verdict in favor of the plaintiffs, with the words added, "for which let execution issue, and against the separate estate of the said E. C.," the wife, is sufficiently formal.

2. *Sufficiency of complaint, in averment of wife's separate estate.* — In such action, an averment in the complaint that the wife "has a separate estate, created by deed or will of H. M.," in certain lands which are particularly described, and in which it is averred that she has "an undivided interest consisting of a child's part," is sufficient to show that her estate is held under the statute, when no objection was raised to the complaint in the court below.

APPEAL from the Circuit Court of Washington.

The record does not show the name of the presiding judge.

The amended complaint in this case was in these words : "The plaintiffs, James B. Malone and Charles K. Foote, partners under the firm name and style of Malone & Foote, complain of John D. Starke, the husband, and Eugenia C. Starke, his wife, defendants, that the defendants owe said plaintiffs the sum of $1,376.44, as due by a contract made by them at Mobile on the 19th day of February, 1867, and due on the 1st

day of January, 1868 ; which contract was made by said defendants, to plaintiffs' order, for value received, meaning for articles of comfort and support of the household, suitable to the degree and condition in life of the defendants, and for which the husband would be responsible at common law.    At the time said articles were furnished, and at the date said contract was made, said defendant Eugenia C. Starke had, and now at this time has, a separate estate created by deed or will of H. Monger, duly admitted to probate in Washington county, consisting of an undivided interest in the following described lands, to wit," &c. ;. " in all of which said lands said Eugenia C. Starke has an undivided interest, consisting of a child's part ; which lands were for a time partially in the possession of R. Monger, the surviving widow of said H. Monger, who is now deceased.    And, therefore, plaintiffs claim said sum, with interest on the same."

The judgment is as follows :  " This day came the plaintiffs' attorney, and amends his complaint by leave of the court. Plea being withdrawn, and the defendants saying nothing in bar or preclusion of the plaintiffs' demand, thereupon came a jury," &c., " who, upon their oaths, say, ' We, the jury, find for the plaintiffs, and assess their damages at eighteen hundred and ninety-nine $\frac{45}{100}$ dollars.'    It is, therefore, considered by the court, that the plaintiffs do have and recover, of and from the defendants, the sum of eighteen hundred and ninety-nine $\frac{45}{100}$ dollars damages, together with the costs in this behalf expended ; for which let execution issue, and against the separate estate of the said Eugenia C. Starke."

There is no bill of exceptions in the record.    The judgment of the court is assigned as error.

BOYLES & OVERALL, for appellant, contended, — 1st, that the complaint was substantially defective, in averring that the wife's estate was " created by deed or will ; " and, 2d, that the judgment should have limited the execution to the lands specified in the complaint, or ordered a sale of them only.

ALEX. MCKINSTRY, *contra.*

PETERS, C. J. — This is a suit at law against the husband and wife, founded on a contract for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at common law.    No defence was interposed on the trial in the court below, and there was a verdict and judgment for the plaintiffs, for the sum claimed in their complaint.

From this judgment the defendants in the court below appeal to this court, and here assign this judgment for error.

Our statute, regulating the rights of a married woman owning a separate estate, is the authority under which this action is instituted. This fully sustains it. This declares, that " For all contracts for articles of comfort and support of the household, suitable to the degree and condition in life of the family, and for which the husband would be responsible at .common law, the separate estate of the wife is liable; to be enforced by action at law against the husband alone, or against the husband and wife jointly." Rev. Code, § 2376. Here, the declaration alleges that the suit is brought to recover on a contract for articles of comfort and support for the household, and that the wife was the owner of a separate estate, specifying the same by proper description, as required by the statute. There is a verdict of a jury assessing the value of the goods or articles furnished. The judgment then proceeds in these words: " It is therefore considered by the court, that the plaintiffs do have and recover, of and from the defendants, the sum of eighteen hundred and ninety-nine $\frac{45}{100}$ dollars damages, together with the costs in this behalf expended; for which let execution issue, and against the separate estate of Eugenia C. Starke." Mrs. Starke is the wife of the other defendant, John D. Starke. This judgment is founded on the pleadings, and it follows the verdict. It is proper and sufficient; and it may be satisfied out of the property of the husband, or out of the separate estate of the wife, not exempt from sale under legal process.

2. It is true that the complaint does not state that the wife's estate is a separate estate held under our statute; but this will be presumed, when there is no objection to the complaint in the court below.

The judgment of the court below is affirmed.